Lomtevas v City of New York (2021 NY Slip Op 06953)





Lomtevas v City of New York


2021 NY Slip Op 06953


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Kern, J.P., Kennedy, Scarpulla, Mendez, Shulman, JJ. 


Index No. 450869/18 Appeal No. 14828 Case No. 2020-02926 

[*1]Vera A. Lomtevas, Individually and as the Administrator of the Estate of Daniel Lomtevas, Plaintiff-Appellant,
v
The City of New York, et al., Defendants, The Port Authority of New York and New Jersey, Defendant-Respondent.


Vera A. Lomtevas, appellant pro se.
The Port Authority Law Department, New York (Karla Denalli of counsel), for respondent.



Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered October 22, 2019, which granted the motion of defendant The Port Authority of New York and New Jersey to dismiss the complaint and the cross claims as against it, unanimously modified, on the law, the complaint as against the Port Authority reinstated, to the extent that plaintiff alleges that the Port Authority breached its duty to maintain the George Washington Bridge in a reasonably safe condition, and otherwise affirmed, without costs.
Plaintiff's decedent died by suicide when he jumped from the George Washington Bridge (GWB), which is owned and operated by the Port Authority. Contrary to the Port Authority's contention that the complaint is addressed to actions taken in its governmental capacity, both this Court and the Second Department have recently held, in cases involving similar facts, that the Port Authority's responsibility for maintaining the guardrail on the pedestrian walkway over the Bridge is a proprietary function rather than a governmental function (Feldman v Port Auth. of N.Y. and N.J., 194 AD3d 137, 141-142 [1st Dept 2021]; Perlov v Port Auth. of N.Y. and N.J., 189 AD3d 1624, 1627-1628 [2d Dept 2020]; see generally Wittorf v City of New York, 23 NY3d 473, 479 [2014]; Sebastian v State of New York, 93 NY2d 790, 793 [1999]). As in Feldman and Perlov, plaintiff states a cause of action by alleging that the Port Authority, as a property owner, "failed to maintain the GWB in a reasonably safe condition by negligently failing to install suicide barriers along the walkways to prevent suicides," thus presenting a foreseeable risk of harm in light of the allegations concerning the history of the George Washington Bridge's walkway as a place where frequent suicides occur. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021